
Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Telephone: 856-429-8334
Attorney of Record: Amy Bennecoff (AB0891)
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LATEFFIE COIA, <br><br> Plaintiff, <br><br> v. <br><br> NRA GROUP, LLC, d/b/a NATIONAL RECOVERY AGENCY and AMERICAN AGENCIES, A wholly-owned subsidiary of NRA GROUP, LLC, <br><br> Defendants. | Case No.: <br><br> COMPLAINT AND DEMAND FOR JURY TRIAL <br><br> (Unlawful Debt Collection Practices) |

LATEFFIE COIA, ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NRA GROUP, LLC, d/b/a NATIONAL RECOVERY AGENCY and AMERICAN AGENCIES, A wholly-owned subsidiary of NRA GROUP, LLC. ("Defendants"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendants both conduct business in the State of New Jersey, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Summers Point, New Jersey.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant NRA Group, LLC, d/b/a National Recovery Agency is national debt collection company with a corporate headquarters located at 2491 Paxton Street, Harrisburg, PA 17111.

8. Defendant American Agencies, A wholly-owned subsidiary of NRA GROUP, LLC, is national debt collection company with a corporate headquarters located at 2491 Paxton Street, Harrisburg, PA 17111.

9. Defendants are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all relevant times, Defendants contacted Plaintiff in their attempts to collect an alleged consumer debt of $7000 arising from a Wells Fargo car loan.

12. Upon information and belief, the alleged debt arose out of transactions which were for personal, family, or household purposes, as the Plaintiff does not have any business

debt.

13. Between March 2013 and April 2013, Defendants' collectors placed continuous, repetitive and harassing telephone calls to Plaintiff's home telephone in their attempts to collect the alleged debt.

14. These calls originated from numbers including, but not limited to, (866) 961-9600, and (877) 553-3112. The undersigned has confirmed that these numbers belong to Defendants.

15. These repeated calls were part of a pattern intended to harass and annoy Plaintiff into paying the alleged debt.

16. Upon receiving Defendants' telephone calls, Plaintiff refused to pay the debt, and instructed Defendants to stop calling her.

17. However, Defendants' collectors continued to call continuously on the home telephone, as many as four times in a single day.

18. Once told that Plaintiff refused to pay the debt and demanded calls to cease, continued calls served no purpose other than to harass, oppress, abuse and annoy.

19. In addition, Defendants' collectors represented to Plaintiff that legal action would be taken if she did not pay the alleged debt.

20. However, Defendants did not take legal action against the Plaintiff, nor did they actually intend to take the threatened legal action.

21. Defendants' conduct as described herein was made with the intent to annoy, harass, and coerce payment of the alleged debt.

## COUNT I
### DEFENDANTS VIOLATED § 1692d and § 1692d(5) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

22. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct, the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

23. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

24. Defendants violated §§ 1692d and 1692d(5) of the FDCPA when they made repeated calls to Plaintiff's home phone with the intent to harass or annoy Plaintiff and continued to contact Plaintiff after being to told that the Plaintiff would not pay the alleged debt and were requested cease the calls.

## COUNT II
### DEFENDANTS VIOLATED § 1692e(5) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

25. Section 1692e(5) of the FDCPA prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken.

26. Defendants violated section 1692e(5) of the FDCPA when they threatened Plaintiff with a legal action when it had no intent of taking such legal action.

## COUNT III
### DEFENDANTS VIOLATED § 1692f OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

27. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect a debt.

28. Defendants violated § 1692f of the FDCPA when they made repeated calls to

Plaintiff's home telephone with the intent to harass or annoy Plaintiff and continued to contact Plaintiff after being to told to cease these calls, when it represented to Plaintiff that they would take legal action even though they had no intention to do so, and when they used other unfair and unconscionable means to collect the alleged debt.

WHEREFORE, Plaintiff, LATEFFIE COIA, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, LATEFFIE COIA, demands a jury trial in this case.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

RESPECTFULLY SUBMITTED,

DATED: 2/24/2014                    KIMMEL & SILVERMAN, P.C.

By: /s/ Amy L. Bennecoff
Amy L. Bennecoff
Attorney ID # AB 0891
Kimmel & Silverman, P.C
1930 E. Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Phone: (856) 429-8334
Facsimile (856) 216-7344
Email: abennecoff@creditlaw.com